# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN MICHAEL KUDER, et al.,   No. 2:12-CV-1725-GEB-CMK

    Plaintiffs,

  vs.   FINDINGS AND RECOMMENDATIONS

JP MORGAN CHASE, N.A., et al.,

    Defendants.

_____/

    Plaintiffs, who are proceeding pro se, bring this civil action.[1] Pending before the court are: (1) motion to dismiss by defendants JP Morgan Chase and Deutsche Bank ("bank defendants") (Doc. 7); and (2) motions to dismiss and to strike by defendants Ruzicka and Wallace, LLP, and Richard Sontag, Esq. ("attorney defendants") (Docs. 10 and 12). The bank defendants argue, among other things, that this action is barred as against them under the doctrine of claim preclusion. The attorney defendants argue, among other things, that plaintiff fails to state a claim upon which relief can be granted.

---

[1] The caption of the complaint lists plaintiffs as follows: "Glenn Michael Kuder, Philip Riley by and through his Power of Attorney, Glenn Michael Kuder, PRIVATE ATTORNEYS GENERAL."

# I. BACKGROUND[2]

## A. Plaintiffs' Allegations

Plaintiffs allege that defendants failed to produce the note and that defendant banks cannot foreclose on the note because they are not legitimate creditors. Plaintiffs also claim that the attorney defendants are liable for representing their clients – the bank defendants – in litigation to perpetrate the alleged violations. Plaintiffs assert two claims of action as follows:

    Claim 1    Quiet Title and Violation of the Fair Debt Collection Practices Act.
    Claim 2    Wrongful Foreclosure

For remedies, plaintiffs seek compensatory damages, punitive damages, declaratory relief, abatement, and a "cease and desist" order.

## B. Procedural History

A grant deed concerning the subject property at 642 Main Street, Etna, California, was recorded in the Siskiyou County Recorder's Office showing Philip Justin Riley as the grantor and Glenn Michael Kuder as the grantee. A deed of trust securing a loan on the subject property was recorded on June 30, 2004. The deed of trust identifies Long Beach Mortgage Company as the lender and Philip J. Riley as the borrower. After the loan was defaulted, a notice of default was issued on July 23, 2008. On October 29, 2008, a substitution of trustee was recorded in connection with the deed of trust. The California Reconveyance Company was substituted as trustee. The substitution was executed by Washington Mutual Bank as successor in interest to Long Beach Mortgage Company. The Office of Thrift Supervision ultimately closed Washington Mutual Bank and appointed the FDIC as receiver. Defendant JP Morgan Chase then acquired certain assets and liabilities of Washington Mutual Bank from the FDIC, including Washington Mutual Bank's interest in the loan on the subject property.

---

[2] The facts are derived from plaintiffs' complaint and defendants' request for judicial notice (Doc. 11), which should be granted. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008); Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

1    On November 13, 2008, plaintiffs filed a quiet title action against Washington Mutual Bank and the California Reconveyance Company in the Siskiyou County Superior Court (Kuder I) raising essentially the same claims as raised in the current action.  Kuder I was removed to this court on December 19, 2008, and assigned case number 2:08-CV-3087-LKK-DAD.  On September 2, 2009, the Magistrate Judge recommended that Kuder I be dismissed.  The findings and recommendations were adopted in full on September 30, 2009, and Kuder I was dismissed with prejudice.  The Ninth Circuit Court of Appeals affirmed the judgment in Kuder I on April 13, 2010.

On September 8, 2009 – while Kuder I was still pending in this court and possibly in response to the September 2, 2009, findings and recommendations – plaintiffs filed a second action, this time in the United States District Court for the District of Columbia (Kuder II).  Kuder II was then transferred to this court on concerns over proper venue and assigned case number 2:10-CV-0404-MCE-KJN.  The defendants in Kuder II moved to dismiss on the grounds of claim preclusion.   On December 2, 2010, the Magistrate Judge issued findings and recommendations that Kuder II also be dismissed.  The Magistrate Judge concluded, among other things, that the claims in Kuder II were barred  as against defendants JP Morgan Chase and the California Reconveyance Company under the doctrine of claim preclusion.  The District Judge adopted the findings and recommendations in full on February 1, 2011.

Finally, sometime after Kuder II was decided, JP Morgan Chase assigned its interests in the subject property/loan to Deutsche Bank.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## II. APPLICABLE LEGAL STANDARDS

### A. Claim Preclusion

Two related doctrines of preclusion are grouped under the term "res judicata." See Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008). One of these doctrines – claim preclusion – forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id. Stated another way, "[c]laim preclusion. . . bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009). "Newly articulated claims based on the same nucleus of facts are also subject to a res judicata finding if the claims could have been brought in the earlier action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Thus, claim preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

The party seeking to apply claim preclusion bears the burden of establishing the following: (1) an identify of claims; (2) the existence of a final judgment on the merits; and (3) identity or privity of the parties. See Cell Therapeutics, 586 F.3d at 1212; see also Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005). Determining whether there is an identify of claims involves consideration of four factors: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. See ProShipLine, Inc. v. Aspen Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010). Reliance on the first factor is especially appropriate because the factor is "outcome determinative." Id. (quoting Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005)). As to privity of the parties, "privity . . . [arises] from a limited number of legal relationships in which two parties have identical or transferred

rights with respect to a particular legal interest." Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005).

### B. Failure to State a Claim

In considering a motion to dismiss for failure to state a claim, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

Where defects are found, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### C.   Consideration of Extrinsic Materials

In deciding a motion to dismiss, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

### III.   DISCUSSION

### A.   Bank Defendants' Motion

The bank defendants argue, among other things, that the current action is barred under the doctrine of claim preclusion. The court agrees. It is undisputed that final judgments were entered in Kuder I and Kuder II. It is also clear that there is a privity of the parties among all three actions with respect to the claims against the bank defendants. Plaintiffs in the current action were plaintiffs in the prior actions. As to privity of defendants, the defendants in Kuder I were Washington Mutual Bank and the California Reconveyance Company. In Kuder II, plaintiffs named JP Morgan Chase and, again, the California Reconveyance Company. The court in Kuder II concluded that privity of defendants existed because JP Morgan Chase is the

1  successor-in-interest to Washington Mutual Bank.  In the current action, plaintiffs name JP
2  Morgan Chase and Deutsche Bank.  Because JP Morgan assigned its interests to Deutsche Bank,
3  the latter is in privity with the former.
4        The final issue is whether there is an identify of claims among the three actions.
5  The court concludes that there is.  In all three actions plaintiffs claim that Washington Mutual
6  Bank (or JP Morgan Chase or Deutsche Bank, as successors-in-interest to Washington Mutual
7  Bank) did not have the right to foreclose on the loan.  Plaintiffs also claim in all three actions that
8  defendants violated California Civil Code § 2924 by not obtaining a court order prior to
9  foreclosing on the loan.  Additionally, plaintiffs claim in all three actions that the foreclosure was
10 invalid because defendants did not hold the note.
11       Because all the elements of claim preclusion have been met, the current action is
12 barred as against the bank defendants.
13       **B.**    **Attorney Defendants' Motion**
14       The attorney defendants argue that plaintiffs cannot state a claim upon which
15 relief can be granted against them.  The court agrees.  A review of the complaint reflects that,
16 while plaintiffs claim that the attorney defendants are liable due to "fraud and malice," plaintiffs
17 plead no specific supporting facts.  Nor does it appear that they can given that the attorney
18 defendants' only involvement was their representation of Deutsche Bank in connection with
19 eviction proceedings.  Plaintiffs' conclusory allegations do not state a claim against the attorney
20 defendants.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. The bank defendants' motion to dismiss (Doc. 7) be granted;
2. The attorney defendants' motion to dismiss (Doc. 10) be granted;
3. All other pending motions (Doc. 12 and 15) be denied as moot; and
4. This action be dismissed with prejudice in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  February 28, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE